UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-268 (RHK / SRN) |
| **Plaintiff,** | |
| v. | **REPORT & RECOMMENDATION** |
| Abdirizak Rage, | |
| **Defendant.** | |

William H. Koch, Assistant U.S. Attorney, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for the U.S.A.

Scott F. Tilsen, Office of the Federal Defender, 107 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for Defendant.

MAGISTRATE JUDGE SUSAN RICHARD NELSON

This matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss Counts 1, 2 & 3 (Doc. No. 33). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, this Court recommends that the motion be denied without prejudice.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was a passenger on a flight within the special aircraft jurisdiction of the United States. The government has charged Defendant with three counts of violating 49 U.S.C.§ 46504–one count for interfering with each of three different flight attendants–as well as three counts of violating 18 U.S.C. § 111(a)(1) and (b). (Indictment, at pp. 1-2.) Defendant now moves to dismiss Counts 1, 2 & 3–each of which charges a violation of Section 46504–on the grounds of multiplicity, that "they improperly charge three crimes instead of one." (Mem. at 1.)

## II.   DISCUSSION

Multiplicity may improperly lead to multiple sentences for the same offense, thereby violating the Double Jeopardy Clause.  E.g. United States v. Street, 66 F.3d 969, 975 (8th Cir. 1995).  Multiplicity is, at bottom, a question of congressional intent.  United States v. Christner, 66 F.3d 922, 927 (8th Cir. 1995); 1A Wright, Federal Practice and Procedure § 142, at p. 20 (3d ed. 1999).  The "question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution."  United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005).  "The unit of prosecution is the aspect of criminal activity that Congress intended to punish."  Id. at 448.  To identify the unit of prosecution, the Court "look[s] to the statutory language, legislative history, and statutory scheme to ascertain what Congress intended."  Id.

Here, Defendant argues that the statute under which he has been charged speaks in terms of a single unitary offense under which he cannot be charged with multiple counts of interfering with several flight attendants.  (Mem. at 2-3.)  The statute at issue provides:

> An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both.  However, if a dangerous weapon is used in assaulting or intimidating the member or attendant, the individual shall be imprisoned for any term of years or for life.

49 U.S.C. § 46504.  Defendant contends that the statutory text has been interpreted by the courts to refer to a single collective interference with all flight crew members or attendants.  (Mem. at 2.)[1]  Defendant thus argues that as a matter of law, the statute permits only a single count to be

---

[1] Defendant also focuses on the title of the statute, "Interference with flight crew members and attendants," noting that it speaks in the plural and thus arguing that the statute contemplates a single act that interferes with the entire crew.  (Id. at 2.)  A statute's title, however, "'cannot limit the plain meaning of the text,'" and is relevant only when it sheds "'light

2

charged stemming from any given incident, requiring the government to dismiss the three counts and "re-indict in a unitary count or elect one count to proceed on rather than allowing it to make three crimes out of a single incident." (Id. at 3.)

Defendant's reliance on U.S. v. Hall, 691 F.2d 48 (1st Cir. 1982), is misplaced because the sole question on appeal was the issue of venue under the applicable special venue statute, 49 U.S.C. § 1473(a). Hall, 691 F.2d at 49. Section 1473(a) permitted a continuing offense to be prosecuted "in any jurisdiction in which it was 'begun, continued, or completed.'" Hall, 691 F.2d at 50. The statute plainly sought to permit venue in any of several potential districts in light of the fact that many, if not most, flights would traverse multiple venues. But this does not compel the conclusion that the commission of multiple substantive offenses during any such flight must be deemed a single continuous "interference" so as to prohibit the charging of multiple counts.[2]

Granted, as Defendant notes, it is entirely possible that in certain circumstances the interference with a particular crew member or flight attendant could likely interfere with all crew members' performance of their duties. But this does not mean that Section 46504 contemplates that any and every such interference on a particular flight will constitute one and only one offense for purposes of charging a defendant.

The statute itself does not delineate its prohibition in terms of "interfering with a flight," such that multiple disruptive actions taken by a defendant during the course of a single particular

---

on some ambiguous word or phrase.'" Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 212 (1998) (internal citations omitted). Accord Reed v. Sturdivant, 176 F.3d 1051, 1053 n.4 (8th Cir. 1999) ("Headings are usually given little weight in construing a statute but may be used to clarify an ambiguity.").

[2] The other cases on which Defendant relies, United States v. Hicks, 980 F.2d 963 (5th Cir. 1992), and United States v. Tabacca, 924 F.2d 906 (9th Cir. 1991), do not concern the issue of multiplicity and thus provide, at most, only indirect and tangential assistance on this point.

flight would nevertheless constitute only one offense. Rather, Section 46504 prohibits "interfer[ing] with the performance of the duties of the [flight crew] member or [flight] attendant" (or lessening their ability to perform their duties), and specifies that such interference occur "by assaulting or intimidating a flight crew member or flight attendant." 49 U.S.C. § 46504. Accordingly, "[t]he unit of prosecution," that is, "the aspect of criminal activity that Congress intended to punish," is interfering with a flight crew member or flight attendant, rather than interfering with a flight. The statutory text thus seems to fairly contemplate the potential for multiple counts of interference by a particular defendant on a single flight.

It is not difficult to contemplate such scenarios involving a particular defendant during a single flight. Here, in fact, the record discloses that each of the three counts pertains to a different flight attendant. (Indictment at 1.) If the defendant–in three separate incidents during the course of a single flight–engaged in three separate and discrete interfering actions, each with respect to a different flight attendant, this Court sees no basis to conclude that Congress intended the defendant to be subject to being charged with only one count. Cf. Blockburger v. United States, 284 U.S. 299, 301-02 (1932) (rejecting argument that separate sales of morphine to same buyer over successive days constituted only one continuing offense, as "[e]ach of several successive sales constitutes a distinct offense, however closely they may follow each other").[3]

Defining the "unit of prosecution" in this manner makes sense in that a passenger could interfere with one flight attendant–but without thereby interfering with the entire crew–and then after ceasing that initial interference, initiate a separate interference with a different crew

---

[3] Such a scenario might plausibly be distinguished from one where a defendant threw a single cup of hot coffee that hit three attendants, thereby scalding them such that they could not perform their duties. But at this pre-trial juncture and on the present undeveloped factual record, this Court is not called upon here–in ruling only on the legal issue of construing the statute to discern congressional intent–to decide such questions.

member that likewise does not also interfere with the rest of the crew. As the government notes, it foreseeably could obtain a guilty verdict with respect to one count of a defendant's interference with one particular crew member without necessarily obtaining a similar verdict with respect to interference with another.

### III. CONCLUSION

Section 46504 contemplates that a defendant charged for violating its prohibition against interference with flight attendants or other aircraft personnel could commit multiple individual acts so as to permit the defendant to be charged with multiple counts of violating that statute.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss counts 1, 2 & 3 (Doc. No. 33) be DENIED WITHOUT PREJUDICE.


Dated: January 10, 2007

  s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by January 25, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.